JUSTICE TRIEWEILER
specially concurring.
¶42 I concur with the majority’s discussion and conclusion related to Issue 1.
¶43 I specially concur with the majority’s conclusion related to Issue 2. Although I agree that the district court has broad discretion to limit the scope of cross-examination and that, based on the specific facts in this case, that discretion was not abused, I do not agree with all that is said in the majority’s discussion pertaining to Issue 2. In particular, I do not want to infer that, as applied to other circumstances, Montana’s rape shield statute, found at § 45-5-511(2), MCA, might not violate state and federal constitutional rights to cross-examine adverse witnesses. Furthermore,' while I agree that the District Court had the discretion to admit or exclude cross-examination of Monica, I do not agree with the inference in the majority opinion that it would have been error for the District Court to allow such examination. I conclude that Monica’s past experiences which may have affected her perception of events were relevant to her credibility and could properly have been admitted. However, I also conclude that the District Court could properly have determined that the probative value of that line of questioning was outweighed by the prejudicial effect and, therefore, had a proper basis for exercising its discretion to exclude the evidence.
¶44 For these reasons, I specially concur with the majority opinion.
JUSTICE HUNT joins in the foregoing concurring opinion.